### Effie Perkins, Defendant in Error, v. Thomas M. Hunter et al., Plaintiffs in Error.

### Gen. No. 15,629.

APPEALS AND ERRORS—*what order not final and appealable.* In a proceeding to try the right of property, an order which does not adjudge "the right of property" to any one, is not final and therefore not appealable.

Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in this court at the October term, 1909. Writ dismissed. Opinion filed May 4, 1911.

BERNARD J. BROWN, for plaintiffs in error.

CHARLES W. TAYLOR and F. S. LOOMIS, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The order of the Municipal Court which it is sought to reverse by this writ of error was not a final one in any view of it which may be taken. Whether the Municipal Court had or had not the power to entertain the "trial of the right of property" by a defendant to a suit in which the property was attached, it is not necessary to decide, and we do not do so. The statement of claim specified a large quantity of property besides four trunks and their contents, all which, by the order of the court which this writ of error seeks to reverse, is found to be "exempt from attachment and garnishment." But the only order is that the Bailiff Hunter surrender the four trunks "held by him on the attachment writ." The bailiff had not seized under the attachment anything but the trunks and contents, but had served the writ of attachment so far as the other goods were concerned by summoning as garnishee the Warehouse Company which held them in storage.

The original statement of claim shows the suit to be brought as a *"trial of the right of property,"* under section 48a of the Municipal Court Act added by amendment in 1907 to the original Act, although in answer to a rule on the plaintiff to file a more specific statement of claim she declared that she was the owner of the property described in the original statement of claim, "which has been levied on by Thomas M. Hunter, Bailiff of the Municipal Court of Chicago as in said original claim stated," and that she claimed "the same as belonging to her *and as exempt under the exemption laws* of the State of Illinois in such case made and provided."

Whether a right existed in the defendant in error to bring this suit in this way because she claimed an exemption is, as we have said, immaterial, and it is also immaterial whether the goods named were in reality exempt from attachment.

The order is not a final one. The finding embraces all the property claimed by Mrs. Perkins, and is to the effect that they are all "exempt from attachment and garnishment." It does not, however, adjudge "the right of property" to any one, and the order is only an order on an officer of the court to surrender that portion of the property which was claimed which had been actually in his possession under the attachment writ. The attachment had then been quashed by an order of the Municipal Court, and the judgment quashing it has now been affirmed by this court.

There is no "final order or judgment" of the Municipal Court herein for our review, and the motion of the defendant in error to dismiss the writ of error for want of jurisdiction to entertain it, which was heretofore reserved to the hearing, is allowed and the writ dismissed.

*Writ of error dismissed.*